Keith ANDERSON, Tammy Andersen, Sara Kastin, a minor, by her mother and natural guardian, Tammy Anderson, Adam Kastin, a minor, by his mother and natural guardian, Tammy Anderson, Keith Anderson, Jr., a minor, by his mother and natural guardian, Tammy Anderson, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee,

Vincent Piazza, and other Agents of the Federal Bureau of Investigation, whose names a currently unknown & Federal Bureau of Investigation, Defendants.

Docket No. 01–6211.

United States Court of Appeals, Second Circuit.

July 17, 2002.

Marvin Zevin, Yannelli & Zevin, Garden City, NY, for Appellants.

Nancy A Miller, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, of counsel, Alan Vinegrad, United States Attorney, on the brief), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and is **AFFIRMED.**

Plaintiffs Keith Andersen, his wife, Tammy Andersen, and their children, Sara Kastin, Adam Kastin, and Keith Andersen, Jr., appeal from an order, entered by Judge Spatt following a bench trial, dismissing their claims against the United States pursuant to the Federal Tort Claims Act for false imprisonment. *See Andersen v. United States*, No. CV 98–4782, slip op. (E.D.N.Y. July 20, 2001). The Andersen family was detained at their home by FBI agents executing an arrest warrant for Ray Luzio, Tammy Andersen's brother, at their address. The Andersens contend that their continued detention for thirty minutes after the FBI agents determined that Keith Andersen was not Ray Luzio, constituted false imprisonment pursuant to New York law.

The District Court found that the FBI agents detained the family to prevent family members from alerting Luzio—who the agents believed was armed and dangerous—while other agents traveled a short distance to another home where they believed they would find Luzio. In addition, the District Court determined that the detention was "a reasonable and necessary part of the lawful attempt to arrest Ray Luzio." *Andersen*, at 26. We agree. Notably, a van used in the commission of the crime for which the warrant to arrest Luzio was issued was parked in the driveway of the Andersen's home, and both Tammy Andersen and Keith Andersen refused to

provide any information concerning the whereabouts of Luzio. Given these unique circumstances—namely, the relatively high likelihood that plaintiffs would warn a possibly dangerous person of impending arrest, coupled with the relatively brief period of additional detention involved—the Government established that the agent's actions "were justified by law," *see Caban v. United States*, 728 F.2d 68, 72 (2d Cir. 1984). *Cf. Michigan v. Summers*, 452 U.S. 692, 699, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) ("[S]ome seizures admittedly covered by the Fourth Amendment constitute such limited intrusions on the personal security of those detained and are justified by such substantial law enforcement interests that they may be made on less than probable cause, so long as police have an articulable basis for suspecting criminal activity.").

Accordingly, we affirm the judgment of the District Court.